IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM MABIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:16-cv-00060-NJR |
| | ) |
| OFFICER KYLE, | ) |
| CLINTON COUNTY JAIL, and | ) |
| U.S. MARSHALS SERVICE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff William Mabie is currently incarcerated at Clinton County Jail. (Doc. 1.) Proceeding *pro se*, Mabie has filed a complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and 42 U.S.C. § 1983. He seeks monetary and specific relief. (*Id.* at 1.)

This matter is now before the Court for a preliminary review of Mabie's complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During this preliminary review under § 1915A, the Court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief."

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Mabie's complaint fails to state a claim on which relief may be granted. The only factual allegations in the complaint are that Defendant Officer Kyle refuses to distribute medication to inmates generally and that Mabie has requested aspirin, Tylenol, and other medications to combat headaches, to no avail. Mabie does not indicate the severity of his headaches or how long he has suffered from them. Further, he does not allege when, where, or under what circumstances Officer Kyle (presumably) refused him medication, nor does he describe a concrete policy of unconstitutional behavior on the part of the Clinton County Jail or the United States Marshals Service. Instead, the bulk of the complaint is filled with conclusory statements to the effect that the Defendants violated various laws, including the Affordable Care Act. The complaint fails to provide enough factual content to allow the Court to find that any Defendant is liable for committing a constitutional violation. Therefore, the complaint is dismissed without prejudice.

**Pending Motion**

Mabie has filed a motion for leave to proceed *in forma pauperis* (Doc. 3). That motion will be addressed by separate order.

**Disposition**

**IT IS HEREBY ORDERED** that Mabie's action is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. Plaintiff is **ADVISED** that his dismissal shall count as one of his three allotted "strikes" under the provisions of 28 US.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED**

**DATED:  February 16, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**