IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WILLIAM MABIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16-cv-0060-NJR |
| | ) | |
| | ) | |
| OFFICER KYLE, | ) | |
| CLINTON CNTY. JAIL, and | ) | |
| U.S. MARSHALS SERV., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff William Mabie, a pretrial detainee at the Clinton County Jail, brings this *pro se* action for alleged violations of his constitutional rights under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (Doc. 11). Mabie's initial complaint was dismissed for failure to state a claim, his motion to reconsider was granted because he was improperly assessed a strike without an opportunity to amend, and he ultimately filed an amended complaint. Mabie alleges that United States Marshals Service and Clinton County Jail personnel were deliberately indifferent to his medical needs by denying or delaying access to medication and eyewear (Doc. 11). He also alleges that the parties obstructed his access to the courts by preventing him from purchasing stamps. In conjunction with his claims, Mabie named Officer Kyle, the Clinton County Jail, and the United States Marshals Service. He seeks monetary compensation.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner

Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

## The Complaint

Mabie alleges that when he arrived in the custody of the Clinton County Jail on a writ he was not given his prescription medications or the eyewear (contacts or glasses) that he needed to see properly (Doc. 11 at 5, 7). Mabie attributes the deprivation of these medical necessities to Officer Kyle of the Clinton County Jail, as well as federal authorities at large—namely the Bureau of Prisons and the United States Marshals Service (*Id.*). Mabie claims that he asked the BOP and the Marshals Service to forward his medical information, but that they did not do so (*Id.*). He speculates that the failure to forward his medical information was an attempt to frustrate his ability to participate in his underlying criminal case (*Id.*). He alleges that finally in February 2016, the United States District Judge presiding over his criminal case ordered the Marshals to retrieve his glasses (*Id.*). Around this time, he also was allowed to see a doctor to get updates on his prescriptions and other medical needs (*Id.*). Mabie does not allege that he suffered any lasting harm from the lack of access to medications and eyewear, though he does allege that during the time when he was without these items he was in pain and could not read (*Id.*).

In addition to his complaints about medical care, Mabie also alleges that the United States Marshals and the Clinton County Jail denied him access to the courts by preventing him from getting any stamps to send legal mail (*Id.*). According to Mabie, he had to trade food to get stamps (*Id.*).

**Discussion**

Based on the allegations, the Court finds it convenient to divide the *pro se* Complaint into the following enumerated claims. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

> **Count 1:** Eighth Amendment claim against Defendants Officer Kyle, Clinton County Jail, and the United States Marshals Service for delaying or denying access to medical care for Mabie's prescription medications and eyewear; and
>
> **Count 2:** Access to courts claim against Defendants Clinton County Jail and United States Marshals Service.

As explained below, neither of these counts shall be allowed to proceed beyond screening.

As an initial matter, Mabie is a pretrial detainee, so he is not yet eligible to bring claims under the Eighth Amendment. The Seventh Circuit has found that claims by pretrial detainees may be assessed under the Fourteenth Amendment, however, and that it is "convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and the Eighth Amendment (convicted prisoners) without differentiation." *See Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citation omitted). Accordingly, the following discussion will analyze Mabie's claims in light of the standards applicable to comparable Eighth Amendment claims.

**Count 1**

The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. U.S. CONST., amend. VIII; *see also Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). Prison conditions that deprive inmates of basic human needs, such as inadequate nutrition, health, or safety, may constitute cruel and unusual punishment. *Rhodes v. Chapman*,

452 U.S. 337, 346 (1981); s*ee also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates deliberate indifference to the serious medical needs of an inmate. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). To establish deliberate indifference to a medical condition, a prisoner must show a condition that is sufficiently serious (objective component) and that an official acted with a sufficiently culpable state of mind in failing to address the condition (subjective component). *Id.* Whether a condition is serious enough is a very fact specific inquiry— seriousness may be shown if an ordinary doctor opined an injury warranted treatment, if an injury significantly impacted an individual's daily activities, or if an injury caused chronic or substantial pain, among other things. *Id.*

As to the subjective component, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 765 (7th Cir. 2002). If an official reasonably responds to a risk, even if harm was not averted, deliberate indifference does not exist. *Id.* A claim for medical negligence does not amount to deliberate indifference. *Gutierrez*, 111 F.3d at 1369.

In a case where an inmate claims a delay in treatment as opposed to a total denial, the plaintiff must offer some evidence that the delay caused lasting harm. *See Conley v. Birch*, 796 F.3d 742, 749 (7th Cir. 2015) (finding that a plaintiff may be able to prove to a jury that delay constituted deliberate indifference where the treating doctor testified that the bones in the hand would begin fusing quickly after an injury, and thus permanent damage may occur quickly). There is no bright line standard for how much of a delay is too much. There is also no bright line

standard for how much care must be provided to avoid liability for deliberate indifference. A doctor or prison official is not required to follow every recommended course of care with precision, but ignoring recommendations of an outside provider may constitute deliberate indifference if doing so would result in the provision of such inadequate care that no reasonable medical official would agree with the course of action taken. *See Perez v. Fenoglio*, 792 F.3d 768, 778-79 (7th Cir. 2015) (collecting cases) ("allegations that a prison official refused to follow the advice of a medical specialist for a non-medical reason may at times constitute deliberate indifference"); *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1074 (7th Cir. 2012) (stating that a prison doctor "is free to make his own, independent medical determination as to the necessity of certain treatments or medications, so long as the determination is based on the physician's professional judgment and does not go against accepted professional standards"). Although a prison official may not continue a course of treatment he knows is blatantly ineffective, prisoners are not entitled to receive unqualified access to healthcare. *See id.* at 1073-74. A doctor may provide the care he feels is reasonable so long as it falls within a "range of acceptable courses based on prevailing standards in the field." *Id.* at 1073.

Objectively, Mabie has identified a medical need serious enough to pass threshold review. An eye or vision condition that could lead to permanent blindness is a serious condition because the symptoms are chronic, and the absence of medications allegedly causes progressive blindness. *See Gutierrez*, 111 F.3d at 1369. The subjective component of the deliberate indifference analysis will be conducted in turn with respect to each named defendant. *See Greeno v. Daley*, 414 F.3d 645, 655-57 (7th Cir. 2005).

As to defendant Officer Kyle, Mabie has failed to state a claim for two reasons. First, he has not alleged what role Kyle personally played in denying access to medication or eyewear.

Section 1983 is premised on individual liability, so a failure to allege specific individual acts by Officer Kyle is fatal to this claim. *See Palmer v. Marion Cnty.*, 327 F.3d 588, 593 (7th Cir. 2003). Second, Mabie alleges a delay in access to the needed medical items, so he must also allege lasting harm as a result of the delay. *See Conley*, 796 F.3d at 749. Here, Mabie has not identified any lasting harm, so dismissal without prejudice is also appropriate on this basis as to Officer Kyle.

To the extent that Mabie intended to raise a claim against Clinton County Jail for deliberate indifference to his medical needs, he has failed to do so because he has not pled any facts tending to suggest a widespread custom or policy that led to a violation of his rights. To hold a municipality liable under Section 1983, a plaintiff must allege a harmful custom or policy. *See Monell v. Dept. of Soc. Serv.*, 436 U.S. 658, 694 (1978); *Palmer*, 327 F.3d at 594-95. Accordingly, Mabie's claim against the Clinton County Jail is dismissed without prejudice for failure to identify any facts that would support a custom or policy claim.

Finally, as to the United States Marshals Service, Mabie's claim fails because the United States Marshals are not subject to liability as an entity under *Bivens*. *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (federal agencies are not subject to suit for damages under *Bivens*). Accordingly, the United States Marshals Service is dismissed with prejudice.

**Count 2**

To state a claim for denial of access to the courts, a plaintiff must explain "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions," *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation omitted); *accord Guajardo Palma v. Martinson*, 622 F.3d 801, 805-06 (7th Cir. 2010). This requires Plaintiff to identify the underlying claim that

was lost. *See Christopher v. Harbury*, 536 U.S. 403, 416 (2002); *Steidl v. Fermon*, 494 F.3d 623, 633 (7th Cir. 2007). Mabie has not identified a claim that he lost due to restricted access to the courts, and his ability to file the present case suggests that he was not completely restricted from accessing the courts.

Moreover, this claim would also fail on the grounds stated in Count 1 for failure to identify a harmful custom or policy, *see Palmer*, 327 F.3d at 594-95, and because United States Marshals are not subject to *Bivens* liability, *see FDIC*, 510 U.S. at 486. Here, Mabie has not made any such allegations. Accordingly, Count 2 is dismissed without prejudice as to the Clinton County Jail and with prejudice as to the United States Marshals Service.

## Disposition

For the reasons set forth above, **COUNTS 1 and 2** are **DISMISSED without prejudice** as to Defendants **KYLE** and **CLINTON COUNTY JAIL**, and **COUNTS 1 and 2** are **DISMISSED with prejudice** as to the **UNITED STATES MARSHALS SERVICE**. This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g), because the complaint fails to state a claim upon which relief may be granted. A dismissal with or without prejudice may constitute a strike under § 1915(g). *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011) (noting that a "dismissal is a dismissal, and provided that it is on one of the grounds specified in § 1915(g) it counts as a strike, . . . , whether or not it's with prejudice."). Here, Mabie has been given an opportunity to amend his complaint, but his amendment was insufficient to proceed beyond screening, accordingly, it is now appropriate to assess a strike.

Mabie's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

### Notice

If Plaintiff wishes to contest this Order, he has two options. He can ask the Seventh Circuit to review the Order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Plaintiff chooses to go straight to the Seventh Circuit, he must file a notice of appeal within 30 days from the entry of judgment or order appealed from. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Plaintiff files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

On the other hand, if Plaintiff wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion must be filed within twenty-eight (28) days of the entry of judgment, and the deadline cannot be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 30-day

clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 30 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor*, 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Plaintiff showing excusable neglect or good cause.

The Court has one more bit of instruction regarding the appeals process. If Plaintiff chooses to appeal to the Seventh Circuit, he can do so by filing a notice of appeal in this Court. FED. R. APP. P. 3(a). The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Plaintiff cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion"). *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

**IT IS SO ORDERED.**

**DATED: September 21, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**